IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

PRACTICE MEDX, LLC, d/b/a
BIO-ALLERGENIX, a
Florida Limited Liability Company,

      Plaintiff

v.

NANCY FRAGUS, an individual,
RANDY RINKLEIB, an individual,
and JOHN MICHAEL MOONEY, an
individual, AARON RICHARDET, an
individual, MARKUS THOMPSON, an
individual, and BRIAN SELF, an individual.

      Defendants.                    /

**09-20574**

**CIV - HUCK**

**MAGISTRATE JUDGE O'SULLIVAN**



## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff PRACTICE MEDX, LLC d/b/a BIO-ALLERGENIX ("Plaintiff"), by and through undersigned counsel, hereby files suit against NANCY FRAGUS ("Fragus"), an individual, RANDY RINKLEIB ("Rinkleib"), an individual, and JOHN MICHAEL MOONEY ("Mooney"), an individual, AARON RICHARDET, an individual ("Richardet"), MARKUS THOMPSON, an individual ("Thompson"), and BRIAN SELF, an individual ("Self") (all collectively, "Defendants") and as alleges as follows:

### NATURE OF ACTION

    1.    Plaintiff seeks damages and injunctive relief for violations of the Lanham Act, misappropriation of trade secrets, tortious interference, unfair competition, and conspiracy. All of these claims arise from Defendants' wrongful promotion and sale of their LAX7000 allergy

relief system, a system which incorporates Plaintiff's trade secret information and which is being marketed under a name confusingly similar to that of Plaintiff's BAX3000 allergy relief system.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. §1338(a) (Acts of Congress relating to trademarks), 28 U.S.C. §1338(b) (pendant unfair competition claims) and 28 U.S.C. §1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over Defendants under §48.193 Fla. Stat. because they: (a) operate, conduct, engage in, or carry on a business or businesses within this state or have an office or agency in this state; (b) committed the tortious acts complained of herein in this state; and (c) are engaged in substantial and not isolated activity within this state.

4. Venue is proper under 28 U.S.C. §§1391(b) and (c), because a substantial part of the events giving rise to the instant claim occurred in this District.

## PARTIES

5. Plaintiff, doing business as Bio-Allergenix, is a distributor of allergy treatment systems. Plaintiff has its principal place of business in Palm Beach County, Florida.

6. Upon information and belief, Defendant Fragus is *sui juris* and resides at 11 Emerald Isle Way, Bakersfield, California 93314. Defendant Fragus does business under the name Tri Healthcare, Inc., but no such corporation or fictitious name could be located in a search of the California Secretary of State's online directory.

7. Upon information and belief, Defendant Reinkleib is *sui juris* and has a residence or place of business at: 5251 Cosumnes Mine Road, Somerset, California 95684.

8. Upon information and belief, Defendant Mooney is *sui juris* and has a residence

or place of business at: 1980 Broadway, Placerville, CA 95667.

9. Upon information and belief, Defendant Richardet is *sui juris* and has a residence or place of business at: 211 Racine Dr., Suite 202, Wilmington, NC 28403.

10. Upon information and belief, Defendant Thompson is *sui juris* and has a residence or place of business at: 3839 Wyatt Way, Wyatt, AZ 85297.

11. Upon information and belief, Defendant Self is *sui juris*. Self's address has not yet been determined.

## FACTUAL BACKGROUND

12. The BAX3000 Allergy Relief System is based on patented technology licensed and manufactured by Star Tech Health Services, LLC of Orem, Utah ("Star Tech").

13. The BAX3000 Allergy Relief System is based on U.S. Patent No. 6,142,927 titled "Method and Apparatus for Treatment with Resonant Signals," which issued November 7, 2000. Plaintiff has been the exclusive distributor of the BAX3000 allergy relief system since 2007. Pursuant to its distribution agreement with Star Tech, Plaintiff resells BAX3000 allergy relief systems to healthcare professionals.

14. The BAX3000 trademark is very well known in the industry and has acquired an enormous amount of goodwill.

15. Technical information about the BAX3000, as well as training manuals and other documentation related to the system constitutes confidential information. Plaintiff derives independent economic value from its confidential information due to it not being generally known to or readily ascertainable by other persons who could obtain economic value from its disclosure or use. Accordingly, Plaintiff takes reasonable efforts to maintain the secrecy of its confidential information, including requiring the execution of non-disclosure agreements from

those with whom the information and documentation must be shared.

16. Defendant Reinkleib filled out an application to purchase a BAX3000 System and submitted it to one of Plaintiff's distributors. The distributor informed Reinkleib about the BAX3000 system and the confidential nature of the information related to its use and application in the trade.

17. Upon information and belief, rather than purchasing the BAX3000 system, Reinkleib decided to circumvent Plaintiff and contacted Star Tech directly. Reinkleib requested that Star Tech manufacture a competing allergy relief system that would operate in a similar fashion to, but be "bigger and better" than, the BAX3000.

18. Upon information and belief, Reinkleib, working together with the other Defendants, attempted to negotiate a distribution agreement with Star Tech for an allergy relief system that would compete with the BAX3000, which they intended to call the LAX7000. Upon information and belief, Star Tech provided substantial information about the BAX3000 system to Defendants under a non-disclosure agreement.

19. Upon information and belief, at some point in this process with Star Tech, Defendants obtained confidential and trade secret material relating to the BAX3000 system, including a business plan, a training manual, and proposed marketing materials.

20. Upon information and belief, Star Tech ultimately refused to manufacture a competing product for Defendants.

21. Upon information and belief, Star Tech also refused to allow Defendants to circumvent Bio-Allergenix's contract and refused to provide Defendants a process based on the underlying invention for their use.

22. Recently, Plaintiff has received inquiries from healthcare professionals about a

4

new allergy relief system called the LAX7000. LAX7000, as applied to allergy relief systems, is confusingly similar to Plaintiff's trademark, BAX3000.

23. These healthcare professionals have been contacted by sales representatives about the LAX7000 who are claiming that the LAX7000 is "bigger and better" than the BAX3000. These healthcare professionals have expressed confusion as between the BAX3000 and LAX7000 and the sources of the two systems.

24. Upon information and belief, the LAX7000 system operates in essentially the same fashion as the BAX3000, and incorporates trade secret information underlying the BAX3000.

25. Upon information and belief, Defendants are promoting and selling the LAX7000 system.

26. All conditions precedent to the filing of this action have either been performed or have been waived by the parties.

27. Plaintiff has retained the undersigned counsel in connection with this action and is obligated to pay them a reasonable fee for their services.

## COUNT I

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. §1125

28. Plaintiff reasserts and realleges Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Defendants' activities, as alleged above, constitute: (a) direct and/or contributory infringement of Plaintiff's common law rights in the BAX3000 mark; and (b) direct and/or contributory false designation of origin, all to the substantial and irreparable injury of the public and Plaintiff's business reputation and goodwill.

30. By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with the BAX3000 mark, including diversion of customers from Plaintiff resulting in lost sales and lost profits, and the consequent unjust enrichment of Defendants.

31. Upon information and belief, Defendants' wrongful activities have been willful and malicious.

32. Plaintiff has no adequate remedy at law to prevent this irreparable, continuing harm.

## COUNT II

### MISAPPROPRIATION OF TRADE SECRETS
### UNDER FLA. STAT. § 688.001 *et seq* (Against All Defendants)

33. Plaintiff reasserts and realleges Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

34. This is an action for misappropriation of trade secrets against all Defendants.

35. Plaintiff has protectable confidential and trade secret information as described above.

36. Plaintiff derives independent economic value from this confidential information, due to it not being generally known to or readily ascertainable by other persons who could obtain economic value from its disclosure or use.

37. Plaintiff takes reasonable efforts to maintain the secrecy and confidentiality of their confidential information.

38. Upon information and belief, Defendants have wrongfully obtained and/or retained the confidential and trade secret information belonging to Plaintiff described above,

either in violation of a contractual or legal duty, or by improper means.

39. Upon information and belief, Defendants have willfully and maliciously misappropriated Plaintiff's trade secrets and have incorporated this information into their LAX7000 allergy relief system, and into the sale and marketing of this system.

40. As a direct and proximate result of Defendants' misappropriation of its trade secrets, Plaintiff has suffered damages and is threatened with irreparable injury.

41. Plaintiff has no adequate remedy at law to prevent this ongoing irreparable injury.

## COUNT III

## TORTIOUS INTERFERENCE

42. Plaintiff reasserts and realleges Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

43. This is an action for tortious interference.

44. Defendants knew of Plaintiff's business relationships with various resellers.

45. Defendants engaged in acts of trademark infringement and false designation of origin as alleged above.

46. Upon information and belief, Defendants misappropriated Plaintiff's trade secrets and used them in connection with its competing product as described above.

47. Upon information and belief, Defendants falsely claimed to Plaintiff's customers and prospective customers that its product was superior to Plaintiff's product.

48. By these acts, Defendants intentionally and unjustifiably interfered with Plaintiff's business relationships.

49. As a direct and proximate result of this interference, Plaintiff has suffered

damages and is threatened with irreparable injury.

## COUNT IV

### COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

50. Plaintiff reasserts and realleges Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

51. This is a claim for unfair competition and trademark infringement arising under the common law of the State of Florida.

52. By their foregoing deceptive and/or fraudulent conduct creating a likelihood of confusion, each of the Defendants has unfairly competed with Plaintiff and/or contributed to acts of unfair competition by other Defendants, all to the substantial and irreparable injury of the public and Plaintiff's business reputations and goodwill.

53. By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's trademarks, including diversion of customers from Plaintiff resulting in lost sales and lost profits, and the consequent unjust enrichment of Defendants.

54. As a direct and proximate result of this unfair competition, Plaintiff has suffered damages is threatened with irreparable injury.

55. Plaintiff has no adequate remedy at law to prevent this irreparable, continuing harm.

## COUNT V

### CIVIL CONSPIRACY

56. Plaintiff reasserts and realleges Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

57. This is an action for conspiracy against all Defendants.

58. As alleged more fully above, upon information and belief, Defendants have conspired with one another to do unlawful acts or to do lawful acts by unlawful means.

59. As a direct and proximate result of this conspiracy, and the acts done in furtherance of it, Plaintiff has suffered damages and is threatened with irreparable injury.

**WHEREFORE,** Plaintiff prays for judgment against Defendants:

(1) That a preliminary and permanent injunction issue, pursuant to Sections 34, 42 and 43 of the Lanham Act, 15 U.S.C. §§1116, 1124 and 1125, and the equitable power of this Court to enforce the common law of the State of Florida, restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with them from:

(a) Directly or indirectly exporting from any other country to the United States, importing into the United States, transshipping through the United States and/or causing, aiding, abetting or contributing to the exportation from any other country to the United States or to the importation into the United States or to the transshipment through the United States of:

i. Any products or packaging that bear the LAX7000 trademark or which are packaged or labeled in a manner that makes any use of any designation, trademark, or trade dress that is identical or confusingly similar to Plaintiff's trademarks and/or trade dress; and

ii. Any promotional materials or other items that are labeled with or contain the LAX7000 trademark, or a mark confusingly similar to Plaintiff's trademarks, or colorable imitations of Plaintiff's trademarks and/or trade dress.

(b) Directly or indirectly manufacturing, using, purchasing, possessing, offering to

sell, advertising, promoting, marketing, transporting, distributing, selling or otherwise disposing of and/or causing, aiding, abetting or contributing to the manufacture, use, purchase, possession, offer for sale, advertisement, promoting, marketing, transportation, distribution, sale or other disposition in the United States of:

    i.    Any products or packaging that bear the LAX7000 trademark or which are packaged or labeled in a manner that makes any use of any designation, trademark, or trade dress that is identical or confusingly similar to Plaintiff's trademarks and/or trade dress; and

    ii.    Any promotional materials or other items that are labeled with or contain the LAX7000 trademark, or a mark confusingly similar to Plaintiff's trademarks, or colorable imitations of Plaintiff's trademarks and/or trade dress.

(c) Directly or indirectly infringing Plaintiff's trademarks and/or trade dress;

(d) Unfairly competing with Plaintiff;

(e) Diluting or tarnishing Plaintiff's trademark and trade dress rights;

(f) Using or disseminating Plaintiff's confidential information;

(g) Making any statements which disparage Plaintiff or Plaintiff's products.

(2) That Defendants be ordered to surrender for destruction all products, order forms, price lists, labels, advertisements, brochures, catalogs, packaging materials, proofs, drafts, molds, dies and other materials incorporating or imitating Plaintiff's trademarks and/or trade dress, as well as all material containing Plaintiff's confidential information, pursuant to Sections 36 and 43 of the Lanham Act, 15 U.S.C. §§1118 and 1125, Fla. Stat. § 688.0003, and the equitable power of this Court to enforce the common law of the State of Florida.

(3) That Defendants be required to pay all damages caused by their actions including any

enhanced damages allowed by statute.

(4)     That Defendants be required to pay Plaintiff's attorney's fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117) and Fla. Stat. § 688.0005.

(5)     For such other and further relief as may be just and equitable.

Respectfully submitted,

Dated: March 6, 2009

ESPINOSA | TRUEBA PL
3001 SW 3rd Avenue
Miami, Florida  33129
Tel: 305-854-0900
Fax: 305-285-5555

By: _____
Jorge Espinosa
Florida Bar No.  779032
jespinosa@etlaw.com
*Counsel for Plaintiff*

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**1.(a) PLAINTIFFS** PRACTICE MEDX, LLC d/b/a BIO-ALLERGENIX, a Florida Limited Liability Company,

**DEFENDANTS-** NANCY FRAGUS, an individual, RANDY RINKLEIB, an individual, JOHN MICHAEL MOONEY, an individual, AARON RICHARDET, an individual, MARKUS THOMPSON, an individual, and BRIAN SELF, an individual.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Miami-Dade

(EXCEPT IN U.S. PLAINTIFF CASES)

09-cv-20574-Huck/o'Sullivan

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

FILED by ADS D.C.
MAR - 6 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. OF FLA. MIAMI

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)** 305-854-0900
Jorge Espinosa, Espinosa Trueba PL
3001 S.W. 3rd Avenue, Miami, FL 33129

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** (DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A. CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Over-payment & Enforcement f Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 RR & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs. | A PROPERTY RIGHTS | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/ Health | ☐ 820 Copyrights | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran $ Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☑ 840 Trademark | |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 791 Empl Ret Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitution of the State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

**V. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) -

UNFAIR COMPETITION WITH FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125 AND MISAPPROPRIATIONS OF TRADE SECRETS

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES ☑ NO |
|---|---|---|---|

**VIII. RELATED CASE(S)** (See Instructions):

IF ANY    JUDGE _____    DOCKET NUMBER: _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY
RECEIPT # 996502  AMOUNT $350.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

03/06/09