## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

PRACTICE MEDX, LLC, dba
BIO-ALLERGENIX, LLC

       Plaintiff;

v.

NANCY FRAGUS, an individual,
RANDY RINKLEIB, an individual,
JOHN MICHAEL MOONEY, an individual, AARON RICHARDET, an individual, and
MARKUS THOMPSON, an individual,.

       Defendants.

Civ. Action No.: 09-20574-CIV-HUCK

**Answer And Affirmative Defenses of Defendant Nancy Fragus To Complaint**

Defendant NANCY FRAGUS (hereinafter "FRAGUS" or Defendant"), by her attorneys hereby Answers the complaint of PRACTICE MEDX dba BIO-ALLERGENIX. (hereinafter "BIO-ALLERGENIX" or "Plaintiff"), and admits, denies and alleges with regard to the corresponding numbered paragraphs of the Complaint as follows:

### NATURE OF ACTION

1. Defendant admits that the complaint facially seeks damages and injunctive relief for alleged violations of the Lanham Act, misappropriation of trade secrets, tortuous interference, unfair competition and conspiracy. Defendant denies that the plaintiff has been damaged through any acts of the defendant or that the products promoted and sold by the defendants incorporate any trade secrets or that the trademarks LAX 7000 and BAX3000 are confusingly similar.

### JURISDICTION AND VENUE

2. Admits that if this action had been properly brought, the action and its jurisdiction would be based on the laws cited in numbered paragraph 2 of the Complaint.

3. Defendant denies that the court has personal jurisdiction over the defendant and denies the remaining allegations in numbered paragraph 3 of the Complaint.

4. Defendant denies that venue is proper or that any events giving rise to the claims occurred in Florida.

## PARTIES

5. Defendant admits the allegations contained in paragraph 5.

6. Defendant admits the allegations of the first sentence of paragraph 6 of the Complaint but denies the balance of the paragraph.

7. Defendant is without knowledge sufficient to form a belief as to the truth of the allegation of paragraph 7 of the Complaint.

8. Defendant is without knowledge sufficient to form a belief as to the truth of the allegation of paragraph 8 of the Complaint.

9. Defendant is without knowledge sufficient to form a belief as to the truth of the allegation of paragraph 9 of the Complaint.

10. Defendant is without knowledge sufficient to form a belief as to the truth of the allegation of paragraph 10 of the Complaint.

11. Defendant is without knowledge sufficient to form a belief as to the truth of the allegation of paragraph 11 of the Complaint.

## FACTUAL BACKGROUND

12. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint. Defendant does not know of the terms of any license that may exist between the plaintiff and "Star Tech."

13. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

15. Defendant denies the first sentence of paragraph 15. Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in numbered paragraph 15 of the Complaint.

16. Defendant is without knowledge and information sufficient to form a belief as to the truth of paragraph 16 of the Complaint.

17. Defendant admits that Star Tech was contacted regarding manufacturing of machines but denies the remaining allegations in numbered paragraph 17.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

20. Admits that Star Tech ultimately refused to deal with the defendants.

21. Denies each and every allegation contained in paragraph 21 of the Complaint.

22. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 23 of the Complaint and denies the allegations of the second sentence of paragraph 23.

24. Denies each and every allegation contained in paragraph 24 of the Complaint.

25. Defendant admits that it promotes a competing system.

26. Defendant denies each and every allegation contained in paragraph 26 of the Complaint.

27. Defendant is without knowledge sufficient to form a belief as to the truth of the allegation of paragraph 27 of the Complaint.

## COUNT ONE

28. Defendant restates its answers to Paragraphs 1-27 in answer to the allegations of paragraph 28.

29. Denies each and every allegation contained in paragraph 29 of the Complaint.

30. Denies each and every allegation contained in paragraph 30 of the Complaint.

31. Denies each and every allegation contained in paragraph 31 of the Complaint.

32. Defendant denies that the plaintiff has been damaged in any way.

## COUNT TWO

33. Defendant repeats and realleges its responses to the allegations in numbered paragraphs 1 through 32 of the Complaint.

34. Defendant admits that the count states allegations of misappropriation of trade secrets but denies that such misappropriation has taken place.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

36. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint.

37. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint.

38. Denies each and every allegation contained in paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

## COUNT THREE

42. Defendant repeats and realleges its responses to the allegations in numbered paragraphs 1 through 41 of the Complaint.

43. Defendant admits that the complaint states allegations of tortuous interference but denies that any interference has taken place.

44. Denies each and every allegation contained in paragraph 44 of the Complaint.

45. Denies each and every allegation contained in paragraph 45 of the Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Complaint.

47. Denies each and every allegation contained in paragraph 47 of the Complaint.

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

## COUNT FOUR

50. Defendant repeats and realleges its responses to the allegations in numbered paragraphs 1 through 49 of the Complaint.

51. Defendant admits that the complaint states allegations of trademark infringement under the common law of the state of Florida but denies that any infringement or unfair competition has taken place.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

53. Denies each and every allegation contained in paragraph 53 of the Complaint.

54. Denies each and every allegation contained in paragraph 54 of the Complaint.

55. Denies each and every allegation contained in paragraph 55 of the Complaint.

## COUNT FIVE

56. Defendant repeats and realleges its responses to the allegations in numbered paragraphs 1 through 55 of the Complaint.

57. Defendant admits that the complaint states allegations of civil conspiracy under the common law of the state of Florida but denies any conspiracy exists.

58. Denies each and every allegation contained in paragraph 58 of the Complaint.

59. Denies each and every allegation contained in paragraph 59 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff BIO-ALLERGENIX has been damaged in any way or that BIO-ALLERGENIX is entitled to monetary or to injunctive relief or to attorneys fees.

## AFFIRMATIVE DEFENSES

60. Answering Defendant, as separate affirmative defenses to the complaint on file herein, and to each cause of action therein allege as follows:

## FIRST AFFIRMATIVE DEFENSE

61. The Complaint and each cause of action alleged therein fails to state a claim upon which relief can be granted. Plaintiff's Complaint further fails to state facts sufficient to support injunctive relief or an award of attorney's fees.

## SECOND AFFIRMATIVE DEFENSE

62. The claims of the Plaintiff in the Complaint are barred in whole or in part because the alleged damages are speculative and uncertain or not available as a matter of law.

## THIRD AFFIRMATIVE DEFENSE

63. The claims of the Plaintiff in the Complaint are barred by the equitable doctrine of Unclean Hands.

Case 1:09-cv-20574-PCH   Document 12   Entered on FLSD Docket 04/24/2009   Page 7 of 10

### FOURTH AFFIRMATIVE DEFENSE

64. At all relevant times and places mentioned in the Plaintiff's complaint herein, plaintiff failed to mitigate the amount of damages, if any. The damages claimed by Plaintiff could have been mitigated by due diligence on its part or by one acting reasonably under similar circumstances. The failure of the Plaintiff to mitigate damages is a bar to recovery under the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

65. The claims of the plaintiff in the Complaint are barred by the equitable doctrine of Latches.

### SIXTH AFFIRMATIVE DEFENSE

66. The claims of the plaintiff in the Complaint are barred by the equitable doctrine of Estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

67. The claims of the plaintiff in the Complaint are barred by the equitable doctrine of fair use.

### EIGHTH AFFIRMATIVE DEFENSE

68. The claims of the plaintiff in the Complaint are barred in whole or in part by the Plaintiff's acts of trademark misuse and trade secret litigation misuse.

### NINTH AFFIRMATIVE DEFENSE

69. The claims of the Plaintiff in the Complaint are barred in whole because there is no likelihood of confusion between the alleged trademarks of the Plaintiff and the Defendant.

## TENTH AFFIRMATIVE DEFENSE

70. Damages suffered by the Plaintiff, if any, from the events alleged in the complaint are due to the acts of third parties over which the Defendants had no control, including the alleged disclosure of Plaintiff's trade secrets by Star Tech Health Services, LLC.

## ELEVENTH AFFIRMATIVE DEFENSE

71. The claims of the Plaintiff in the Complaint regarding trade secrets are barred in part because the alleged trade secrets are within the public domain and are not secret.

## TWELFTH AFFIRMATIVE DEFENSE

72. The claims of the Plaintiff in the Complaint regarding trade secrets are barred in part because any contract creating a duty with respect to the alleged trade secrets violates public policy because the alleged secrets are the intellectual property of third parties or are within the public domain and are not secret.

## THIRTEENTH AFFIRMATIVE DEFENSE

73. The claims of the Plaintiff in the Complaint are barred in part because the present complaint was brought with the specific intent of restraining trade and damaging competition in the marketplace.

## FOURTEENTH AFFIRMATIVE DEFENSE

74. The claims of the Plaintiff in the Complaint regarding unfair competition and tortuous interference are barred in part because any representations made by the Defendants to the marketplace were true and any acts by the Defendants were lawful acts of competition.

## FIFTEENTH AFFIRMATIVE DEFENSE

75. The claims of the plaintiff in the Complaint regarding contracts are barred by the Statute of Frauds.

## SIXTEENTH AFFIRMATIVE DEFENSE

76. The claims of the plaintiff in the Complaint are barred by the doctrine of *jus terti* in that defendant is informed and believes and thereon alleges that a third party has or may have superior rights to those alleged by the Plaintiff.

WHEREFORE, the answering defendant prays for judgment as follows:

    a. That the Complaint herein be dismissed with prejudice;

    b. That the Court declare that Plaintiff has no been damaged and has no right to injunctive relief;

    c. That Defendant be awarded the costs and disbursements of the action, together with reasonable attorneys' fees; and

    d. That this Court award Defendant such other and further relief as the Court shall deem just and proper.

Dated:  April 24, 2009

Respectfully submitted,

/s/Edward R. Nicklaus
Florida Bar No. 138399
NICKLAUS & ASSOCIATES, P.A.
Attorneys for Defendant
4651 Ponce de Leon Blvd., Suite 200
Coral Gables, Florida 33146
Phone: (305) 460-9888
Facsimile: (305) 460-9889
edwardn@nicklauslaw.com

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered via electronic filing & U.S. mail to: Jorge Espinosa, Esq., Espinosa & Trueba, P.A., *Attorneys for*

*Plaintiff*, 3001 SW 3rd Avenue, Miami, Florida 33129, on this ͟24͟ day April, 2009.

/s/ Edward R. Nicklaus
Florida Bar No.: 138399
Nicklaus & Associates, P.A.
*Attorneys for Defendants*
4651 Ponce de Leon Boulevard
Suite 200
Coral Gables, Florida 33146
Telephone: (305) 460-9888
Facsimile: (305) 460-9898
edwardn@nicklauslaw.com